UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT WOLFENBARKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:19-CV-162-TAV-CRW |
| | ) | |
| F/N/U HODGES and | ) | |
| F/N/U SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On September 30, 2020, the Court entered an order providing that Plaintiff would have fourteen days from the date of entry of the order to provide the Court with an updated address [Doc. 29]. That order warned Plaintiff that failure to timely comply with the order would result in the dismissal of this action [*Id*. at 2]. That deadline has now passed, and Plaintiff has not complied with the order. Further, the United States Postal Service returned the mail containing the Court's order as undeliverable due to the inmate's parole [Doc. 32].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (internal quotation marks omitted). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).

As to the first factor, the Court finds that Plaintiff's failure to respond to, or comply with, the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, who have litigated this case for more than one year and who have filed a pending motion for summary judgment. Therefore, this factor weighs in favor of dismissal.

As to the third factor, the Court has repeatedly warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's orders [*See, e.g.*, Doc. 5 p. 2, Doc. 14 p. 7, Doc. 25 p. 3, and Doc. 29 pp. 1-2]. This factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 10], and he has not pursued this case since sending a letter to the Court [Doc. 24] more than eleven months ago. Accordingly, this factor weighs in favor of dismissal.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). In light of this ruling, Defendants' motion for summary judgment [Doc. 30] will be **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE